■ Roy E. De Cristofaro, Respondent, v Joann Enterprises, Inc., et al., Defendants and Third-Party Plaintiffs. Arrow Leather Finishing, Inc., Third-Party Defendant and Fourth-Party Plaintiff-Respondent; James F. Senzio, Inc., Doing Business as Fulton County Electrical & Electronics and/or Fulton County Electric & Electrical Contractors, Fourth-Party Defendant-Appellant. [672 NYS2d 950] —Mikoll, J. P. Appeal from an order of the Supreme Court (Best, J.), entered March 19, 1997 in Fulton County, which denied fourth-party defendant's motion for summary judgment dismissing the fourth-party complaint.

Plaintiff was injured when he fell down an elevator shaft and suffered serious and permanent injuries while attempting to load a supply of animal skins onto an elevator. The elevator car, unbeknownst to plaintiff, had moved downward to the first floor causing him to enter the open elevator shaft and plummet downwards. Plaintiff was an employee of Arrow Leather Finishing, Inc. which leased the building from defendants.

Plaintiff sued defendants for, *inter alia*, failure to maintain the building in a safe manner. Defendants commenced a third-party action against Arrow seeking contribution and indemnification. Arrow commenced a fourth-party action against James F. Senzio, Inc., doing business as Fulton County Electrical & Electronics and/or Fulton County Electric & Electrical Contractors (hereinafter Fulton Electric), for negligent repair and maintenance of the elevator, as well as contribution and indemnification. Fulton Electric moved for summary judgment seeking dismissal of the fourth-party complaint. Supreme Court found that questions of fact existed with regard to Fulton Electric's duty concerning the work it was hired to do on or

around the elevator. The court held that the work Fulton Electric was to perform included the installation of switches to prevent the elevator from moving when the doors were ajar and that Fulton Electric admitted it was hired to correct certain problems, or, in the alternative, was to put forth remedial suggestions. Based on these findings, Supreme Court denied the motion for summary judgment. This appeal by Fulton Electric ensued.

To prevail on a summary judgment motion, the moving party must demonstrate by admissible proof that no question of material fact exists (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Summary judgment, a drastic remedy, should not be granted if there is doubt as to a triable issue of fact when viewing the record in a light most favorable to the opposing party and, further, should be denied even if the issue is debatable or arguable (*see, Warner v Historic Hudson Riv. Heritage Dev. Co.*, 235 AD2d 987, 988-989). In negligence actions, even when facts are conceded by the parties, there will often remain a question of fact whether the party in question acted reasonably under the circumstances (*see, Andre v Pomeroy*, 35 NY2d 361, 364). "This can rarely be decided as a matter of law" (*id.*, at 364).

Supreme Court's order should be affirmed. Questions of fact exist as to whether Fulton Electric acted reasonably: namely, whether the condition of the elevator was so apparent that Fulton Electric knew or should have known that the elevator was dangerous and likely to cause injury; whether the agreement between the parties contemplated repair work or, in the alternative, called for suggestions from Fulton Electric as to how the defective conditions should be repaired; and whether the failure to properly install the magnetic door system or to suggest an interlocking system was a breach of duty to Arrow and plaintiff. In view of these questions of fact to be resolved by the trier of facts, summary judgment was properly denied.

Mercure, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with one bill of costs.