■ CHARLES B. TIANO, Respondent, v PHILIP LANE et al., as Trustees of the Trust Created Under the Will of CAROLYN C. KIRSCHBAUM, et al., Defendants, and PHILIP A. LANE, Individually, Appellant. [688 NYS2d 828] —Mercure, J. Appeal from an order of the Supreme Court (Connor, J.), entered February 12, 1998 in Ulster County, which denied defendant Philip A. Lane's motion for summary judgment dismissing the complaint and all cross claims against him in his individual capacity.

Plaintiff commenced this action to recover for injuries he sustained in a May 1991 industrial accident that occurred on a loading dock of a building owned by KBC Realty Company, a limited partnership. Plaintiff's claim of individual liability against defendant Philip A. Lane is predicated upon Lane's ownership interest in KBC and his capacity as a trustee of a trust having an ownership interest in KBC. Lane appeals Supreme Court's order denying his motion for summary judgment dismissing the complaint against him in his individual capacity.

We affirm. It is fundamental law that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). Of greater significance here, if the proponent fails to make such a showing, the motion must be denied, "regardless of the sufficiency of the opposing papers" (*id.*, at 853). Here, Lane limited his evidentiary showing in support of the summary judgment motion to the issue of his ownership interest in the subject trust, an issue that has since been abandoned. He submitted no competent evidence on the issue of defendants' negligence. Thus, because the burden on that issue never shifted to plaintiff, the fact that the record contains no evidence to support a finding that defendants were negligent is irrelevant.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.