■ JOHN E. FLOWER, Respondent-Appellant, v DAVID A. NOONAN et al., Individually and as Partners in Glenville Family Chiropractic, Appellants-Respondents. [706 NYS2d 245] —Mercure, J. Cross appeals from an order of the Supreme Court (Caruso, J.), entered February 10, 1999 in Schenectady County, which, *inter alia,* partially denied defendants' motion for summary judgment.

Between April 1994 and May 1994, plaintiff was treated by defendant David A. Noonan (hereinafter defendant), a chiropractor, for neck and back pain. Following a May 11, 1994 treatment consisting of chiropractic manipulations of plaintiff's neck and vertebrae, he experienced a severe burning sensation in his neck and arm. The pain became so excruciating that plaintiff returned to defendant later in the afternoon for a second treatment. Defendant repeated the treatment, but the pain and burning sensation continued. Over the next several months plaintiff sought treatment from numerous other chiropractors and it was ultimately determined that plaintiff had suffered an injury to his spine.

Plaintiff thereafter commenced this action against defendant and his partner, defendant Jennifer L. Noonan, individually and as partners in Glenville Family Chiropractic, alleging that he had suffered injuries to his neck, back, shoulder and left arm as the result of defendant's negligent adjustment to his spinal column and vertebrae. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court dismissed the complaint against Noonan but otherwise denied the motion. Defendant appeals and plaintiff cross-appeals.*

We affirm. On the summary judgment motion, defendants submitted evidence sufficient to establish a prima facie showing of their entitlement to summary judgment (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Tiano v Lane,* 260 AD2d 908), thereby shifting the burden to plaintiff to come

---

* Supreme Court subsequently reinstated the complaint against Noonan as a partner of Glenville Family Chiropractic. Plaintiff's brief makes no argument addressing the dismissal of the complaint against Noonan in her individual capacity, and the cross appeal is therefore deemed abandoned (*see, Jennings v Fisher,* 258 AD2d 722, n).

forward with competent evidence creating a material issue of fact (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *Zuckerman v City of New York*, 49 NY2d 557, 562). In opposition to the motion, plaintiff submitted his own affidavit wherein he alleged that his patient file, which had been submitted by defendants, had been altered; he also gave an account of the May 11, 1994 treatments that contrasted to that advanced by defendant. In addition, plaintiff produced an affidavit by Michael Ray, a licensed chiropractor, stating the opinion that defendant's treatment of plaintiff deviated from acceptable chiropractic standards and that such deviation was the proximate cause of plaintiff's injuries.

Although vague and conclusory allegations tending to establish culpability are insufficient to defeat a motion for summary judgment (see, *Alvarez v Prospect Hosp.*, supra, at 325-326), we conclude that Ray's affidavit, which was based upon a review of medical records and deposition transcripts, sufficiently sets forth the requisite nexus between the malpractice allegedly committed by defendant and the injury to plaintiff (*cf.*, *Douglass v Gibson*, 218 AD2d 856, 858). Contrary to defendants' contentions, we view Ray as possessing the requisite skill, training, education, knowledge and experience from which it can be inferred that his opinion regarding plaintiff's treatment was reliable (see, *Matott v Ward*, 48 NY2d 455, 459; *Matter of Enu v Sobol*, 208 AD2d 1123, 1124; *Ariola v Long*, 197 AD2d 605, *lv dismissed* 82 NY2d 920; *Hoagland v Kamp*, 155 AD2d 148, 152).

Thus, mindful that summary judgment should not be granted if there is uncertainty as to the existence of triable issues of fact when viewing the evidence in the light most favorable to the party opposing the motion (see, *Lebanon Val. Landscaping v Town of Moriah*, 258 AD2d 732, 733; *De Cristofaro v Joann Enters.*, 250 AD2d 990, 991), we conclude that Supreme Court did not err in its determination of the summary judgment motion to the extent appealed herein (see, *Alvarez v Prospect Hosp.*, supra, at 324; *Zuckerman v City of New York*, supra, at 562).

Cardona, P. J., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.