■ GABRIEL F. HAUGHTON, Appellant, v MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al., Respondents, et al., Defendants. [761 NYS2d 13] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about July 28, 2000, which, to the extent appealed from, denied, in part, plaintiff's motion for certain discovery-related relief, and order, same court and Justice, entered on or about June 11, 2001, which, to the extent appealed from as limited by the brief, denied plaintiff's motion to amend the complaint and granted the motion of defendants Merrill Lynch, Pierce, Fenner & Smith, Inc., MLH Realty Investments (A) N.V. and Bruce Fenton (collectively, Merrill) for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In September 1992, plaintiff was detained by London police in connection with his possession of unauthenticated bearer bond certificates with a face value of $4.8 million, issued by defendant MLH Realty Investments (A) N.V. Merrill had reported the theft of the instruments, as required by Securities and Exchange Commission rules (17 CFR 240.17f-1 [c] [1] [ii]), and its employee, defendant Bruce Fenton, assisted the FBI by luring plaintiff to London, where the certificates were recovered by Scotland Yard. Plaintiff was held for 48 hours before being released. Plaintiff brought this action, the remaining causes of which, following the dismissal of plaintiff's claims for false arrest and conspiracy to cause false arrest, malicious prosecution and conversion (278 AD2d 29 [2000]), purport to sound in breach of contract, fraudulent misrepresentation and unjust enrichment.

The complained-of communications by Merrill with law enforcement authorities are cloaked with a qualified immunity both because of the firm's interest in the recovery of bonds issued by its subsidiary and stolen from its custody (*John W. Lovell Co. v Houghton*, 116 NY 520, 525-526 [1889]) and because of its "duty to report criminal activity to the proper authorities" (*Toker v Pollak*, 44 NY2d 211, 220 [1978]). Accordingly, because plaintiff failed to raise any triable issue as to whether the challenged communications were " 'consistent only with a desire to injure the plaintiff' " (*Stukuls v State of New York*, 42 NY2d 272, 279 [1977], quoting *Fowles v Bowen*, 30

NY 20, 26 [1864]), his claims premised upon those communications were properly dismissed.

Plaintiff has no claim arising out of Merrill's alleged promise to sell the subject bearer bonds for his account. The purported promise, even if made, would be void for illegality since it would require the sale of instruments both unauthenticated and stolen (*see McConnell v Commonwealth Pictures Corp.*, 7 NY2d 465, 471 [1960]). Likewise, Merrill was not enriched by the recovery of unauthenticated (and therefore worthless) certificates, and plaintiff has incurred no detriment as the result of any change of position that might have been induced by promises allegedly made to him regarding their sale (*see IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 152 AD2d 451, 453 [1989]).

The motion court properly exercised its discretion in denying plaintiff's motion to amend the complaint to add a new claim, not merely a new theory, against persons sought to be named as additional parties to the action (*see Bank of N.Y. v Irwin Intl. Imports*, 197 AD2d 462 [1993]; *Napoli v Canada Dry Bottling Co.*, 166 AD2d 696 [1990]). Defendants would be prejudiced by the need to prepare a defense on behalf of the additional parties (*id.*; *cf. Detrinca v De Fillippo*, 165 AD2d 505, 510 [1991]), and plaintiff has offered no plausible excuse for his nearly 10-year delay in seeking to assert the additional claims (*see Caruso v Anpro, Ltd.*, 215 AD2d 713, 714 [1995]), thus justifying the court's inference that the delay was attributable to plaintiff's delinquency in investigating the facts (*see LaVigna v Capital Cities/ABC*, 257 AD2d 470 [1999]).

Plaintiff's remaining contentions have been examined and found unavailing. Concur—Nardelli, J.P., Tom, Rosenberger, Ellerin and Gonzalez, JJ.