■ CARLOS RODRIGUEZ et al., Individually and as Administrators of the Estate of ALBERT FELICIANO, Deceased, Appellants, v TERENCE CARDINAL COOKE HEALTH CARE CENTER, Respondent. [771 NYS2d 516]—

Judgment, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered April 11, 2003, in an action for wrongful death and personal injuries arising out of an assault on plaintiffs' decedent by a fellow resident of defendant nursing home, dismissing the complaint pursuant to an order granting defendant's motion for summary judgment, and bringing up for review an order, same court and Justice, entered August 14, 2002, which, insofar as challenged, denied plaintiffs' motion to amend the complaint so as to add a cause of action for medical malpractice, unanimously affirmed, without costs. Appeal from the order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs' claim of negligent supervision was properly dismissed for lack of evidence that defendant had notice of the decedent's assailant's violent tendencies (*see Mirand v City of New York*, 84 NY2d 44, 49-50 [1994]) or deviated from a relevant industry standard of supervision (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542 [2002]). Plaintiffs' motion to amend the complaint so as to add the claim denominated as medical malpractice was properly denied on the ground that, assuming the proposed amendment is not time-barred, such would cause defendant undue prejudice. The record substantiates defendant's assertion that it was no longer possible, on the eve of trial and almost eight years after the occurrences in issue, to effectively investigate a claim to the effect that the decedent's injury was exacerbated by defendant's negligent failure to appreciate the seriousness of the injury and its consequent delay in calling emergency services. Nor does the record support plaintiffs' assertion that they were unaware of the facts constituting this claim until defendant produced its first deposition witness shortly before they sought the amendment (*see Haughton v Merrill Lynch, Pierce, Fenner & Smith*, 305 AD2d 214, 215 [2003], *lv dismissed in part and denied in part* 100 NY2d 608 [2003]). Nothing in that deposition of which plaintiffs were previously unaware could have caused them to suddenly realize that defendant should have called emergency services sooner than it did. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.