■ MICHAEL HRANEK, Individually and on Behalf of DELIA A. HRANEK, Respondent, v UNITED METHODIST HOMES OF THE WYOMING CONFERENCE, Appellant. [810 NYS2d 544]—

Rose, J. Appeal from that part of an order of the Supreme Court (Lebous, J.), entered December 22, 2004 in Broome County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Following consecutive hospitalizations for a brain aneurism

and a stroke, and a diagnosis including dementia and psychosis, plaintiff's 78-year-old mother, Delia A. Hranek, was admitted to defendant's skilled nursing facility. She suffered 10 documented falls in six months at defendant's facility and then broke her right femur as a result of an eleventh fall while she was attempting to use the bathroom without assistance. She was also allegedly assaulted by residents of the facility. Plaintiff thereafter commenced this action alleging, among other claims, medical malpractice and negligent supervision. After joinder of issue, defendant moved for summary judgment dismissing the complaint. Finding questions of fact as to these two causes of action only, Supreme Court partially denied defendant's motion. Defendant appeals.

The gravamen of plaintiff's medical malpractice claim is that defendant failed to adequately assess Hranek's risk of falling and provide sufficient safeguards to protect her from injury. Supreme Court agreed that defendant's experts made a prima facie showing that defendant met this standard of care customarily exercised in similar facilities in the community (*see Yamin v Baghel*, 284 AD2d 778, 779 [2001]). The burden then shifted to plaintiff to demonstrate both a deviation from the standard of care and that the deviation was a proximate cause of Hranek's injury (*see Grzelecki v Sipperly*, 2 AD3d 939, 941 [2003]). To this end, plaintiff submitted the affirmation of Daniel Peters, a physician licensed to practice in New York and Florida, who states that he is experienced in treating geriatric patients and familiar with the measures available to prevent patient falls in nursing facilities. Thus, Supreme Court properly accepted Peters' affirmation inasmuch as it sufficiently established his qualifications as a medical expert and his familiarity with the standard of care applicable to fall protocols in facilities such as defendant's. Defendant's argument that Peters lacks skill or expertise goes to the weight to be given to his opinion, not its admissibility (*see Bodensiek v Schwartz*, 292 AD2d 411 [2002]; *Erbstein v Savasatit*, 274 AD2d 445, 445 [2000]; *Allone v University Hosp. of N.Y. Univ. Med. Ctr.*, 235 AD2d 447, 448 [1997]).

Based on a detailed review of Hranek's medical records and defendant's reports of her falls, Peters opines that defendant did not properly evaluate Hranek's risk of falling in light of her medical history, medications and prior falls. In particular, Peters notes that Hranek's records indicate that she fell on 10 prior occasions during unassisted ambulation and, in most instances, defendant's reports of those falls make no recommendation as to additional safeguards to prevent future falls. Peters opines

that, given Hranek's conditions, including her right-side weakness, dementia, psychosis, aphasia and medications, defendant's verbal reminders to Hranek to use the call bell and wait for assistance were of little value and that additional, more affirmative precautions were necessary. Specifically, he identifies a bed alarm and other nonrestraining measures that could have prevented the fall resulting in her injury. Accordingly, we agree with Supreme Court's view that Peters identified the applicable standard of care and sufficiently linked the alleged malpractice to Hranek's last fall (*see Flower v Noonan*, 271 AD2d 825, 826 [2000]; *cf. Yamin v Baghel, supra* at 780; *Douglass v Gibson*, 218 AD2d 856, 857 [1995]).

As to the negligent supervision claim alleging that defendant failed to prevent assaults upon Hranek by other facility residents, Supreme Court correctly noted that the relevant inquiry is whether defendant had notice of any of the other residents' violent tendencies or deviated from an accepted standard of supervision (*see Rodriguez v Terence Cardinal Cooke Health Care Ctr.*, 4 AD3d 147, 148 [2004], *lv denied* 4 NY3d 703 [2005]). As Supreme Court found, defendant failed to carry its initial burden of proof here because its affidavits were conclusory as to meeting the standard of supervision and did not address whether its other residents, who allegedly assaulted Hranek, were known to be violent (*cf. Toomey v Adirondack Surgical Assoc.*, 280 AD2d 754, 755 [2001]).

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.