■ Sybil Shainwald et al., Appellants, v Kenneth R. Barasch, M.D., Respondent. [814 NYS2d 157]—

Judgment, Supreme Court, New York County (Stanley L. Sklar, J.), entered January 19, 2005, in defendant's favor after a jury trial, unanimously affirmed, without costs.

The 81-year-old decedent suffered a suprachoroidal hemorrhage during extracapsular cataract surgery in 2000. Plaintiff alleged that defendant's failure to discontinue aspirin prior to surgery caused or contributed to the hemorrhage, and the decision to use this method of surgery, as opposed to the alternative method of phacoemulsification, further increased the chance of pressure dropping within the eye and the likelihood of hemorrhage.

According deference to the jury's resolution of conflicting expert testimony (*see Hill v Liford*, 215 AD2d 252 [1995]), a fair interpretation of the evidence supports the findings that defendant was not negligent in failing to discontinue aspirin and in his choice of surgical procedure.

Plaintiff's counsel failed to preserve his objection to opposing counsel's cross-examination of decedent's treating physician regarding a prior bad act. In any event, the trial court properly permitted defense counsel to cross-examine the treating physician on the facts underlying his guilty plea to a harassment violation in connection with his unwelcome touching of and lewd comments to a nurse at the hospital (*see Spanier v New York City Tr. Auth.*, 222 AD2d 219 [1995]).

The trial court's charge to the jury was balanced, and we decline to set aside the verdict based on any asserted prejudice flowing therefrom. We have considered and rejected plaintiff's other arguments. Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Malone, JJ.