RICHARD BELL, as Administrator of the Estate of ROLAND RICHARD BELL, Deceased, Respondent, v ELLIS HOSPITAL et al., Defendants, and MICHELE GORLA, Appellant. [854 NYS2d 604]—

Peters, J.P. Appeal from an order of the Supreme Court (Giardino, J.), entered February 1, 2007 in Schenectady County, which, among other things, denied defendant Michele Gorla's motion for summary judgment dismissing the complaint against him.

On January 13, 2003, Roland Richard Bell (hereinafter decedent), a patient at defendant Northwoods Rehabilitation and Extended Care Facility-Hilltop, was admitted to defendant Ellis Hospital. Defendant Michele Gorla, a physician, examined decedent, reviewed various laboratory tests, determined that he had metabolic acidosis resulting from either dehydration or septic shock, and ordered a CT scan of his abdomen. Upon receipt of a verbal report from the radiologist that the CT scan showed extensive pneumatosis, small bowel ileus, air in the portal venous system and mild hydronephrosis, Gorla, believing that surgery might be warranted, contacted defendant Iftikhar A. Syed, the Chief of Surgery at Ellis. Syed recommended hydration, antibiotics and continued monitoring, and advised Gorla that he would see decedent for a consultation in the morning. Early the following morning, Syed examined decedent and, based on certain changes in his condition, determined that surgery was necessary. Shortly after the completion of surgery, decedent's condition worsened and he ultimately died.

Plaintiff, as administrator of decedent's estate, commenced this action against Ellis, Northwoods, Highgate LTC Management, LLC, Syed and Gorla alleging medical malpractice and negligence. Following joinder of issue and discovery, Gorla and others moved for summary judgment dismissing the complaint. Finding that plaintiff's expert raised issues of fact sufficient to withstand summary judgment in favor of Gorla, Supreme Court denied his motion. Gorla appeals.

The gravamen of plaintiff's claim is that Gorla and Syed improperly deferred a surgical evaluation of decedent and the performance of surgery until the morning of January 14, 2003. Plaintiff does not dispute that Gorla made a prima facie showing of entitlement to summary judgment. Therefore, in order to rebut his showing, plaintiff was required to demonstrate, through competent expert medical opinion evidence, both a deviation from the accepted standard of care and that the departure was a proximate cause of decedent's death (*see Hranek v United Methodist Homes of Wyo. Conference*, 27 AD3d 879, 880 [2006]; *Schuller v Martinelli*, 304 AD2d 967, 968 [2003], *lv denied* 100 NY2d 509 [2003]). To this end, plaintiff submitted the affirmation of an anonymous physician, licensed to practice in New York and board certified in internal medicine and gastroenterology.

Initially, we reject Gorla's argument that the affirmation of plaintiff's expert is insufficient to demonstrate that the expert possessed the requisite skill or expertise to render an opinion on the issue of his negligence because it fails to set forth the expert's practice experience. The specialized skills of plaintiff's expert as demonstrated through his board certifications, taken together with the nature of the medical subject matter of this action, are sufficient to support the inference that his opinion regarding decedent's treatment was reliable (*see Romano v Stanley*, 90 NY2d 444, 452 [1997]; *Flower v Noonan*, 271 AD2d 825, 826 [2000]; *compare Hoffman v Pelletier*, 6 AD3d 889, 890-891 [2004]), and any alleged lack of skill or experience goes to the weight to be given to the opinion, not its admissibility (*see Hranek v United Methodist Homes of Wyo. Conference*, 27 AD3d at 880; *Payant v Imobersteg*, 256 AD2d 702, 705 [1998]).

We also disagree with Gorla's contention that the affirmation of plaintiff's expert was substantively deficient and, therefore, failed to raise an issue of fact requiring a trial. Although "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *see Chase v Cayuga Med. Ctr. at Ithaca*, 2 AD3d 990, 990-991 [2003]), we find that the affirmation of plaintiff's expert, while sparse, was sufficient to raise a triable issue of fact precluding summary judgment. According to plaintiff's expert, "the decision by Dr. Gorla and/or Dr. Syed to defer a surgical evaluation until morning" constituted a deviation from the accepted standard of medical care which was a factor in bringing about decedent's death. As Syed had testified that the decision to defer a surgical consultation until morning was made jointly with Gorla, the expert affirmation, which was based upon a review of decedent's medical records, medical history and the discovery materials exchanged, adequately set forth the elements of the medical malpractice claim by factual references to the care and treatment of decedent (*see Dandrea v Hertz*, 23 AD3d 332, 333 [2005]; *Flower v Noonan*, 271 AD2d at 826; *Lowery v Hise*, 202 AD2d 948, 949 [1994]). Thus, Supreme Court did not err in denying Gorla's summary judgment motion.

Rose, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.