■ JULIE DIEL, Individually and as Mother and Natural Guardian of BRANDON DIEL, an Infant, and as Administratrix of the Estate of BRANDON DIEL, Deceased, Respondent, v AMY BRYAN, D.D.S., et al., Appellants, et al., Defendant. [871 NYS2d 517]—

Memorandum: Plaintiff commenced this action, individually and on behalf of the estate of her son (decedent), seeking damages for decedent's wrongful death that allegedly resulted from dental malpractice. Supreme Court properly denied the motion of Amy Bryan, D.D.S. (defendant) for summary judgment dismissing the complaint against her. Although defendant met her initial burden, plaintiff raised a triable issue of fact by submitting the affirmation of an anesthesiologist stating that defendant deviated from the acceptable standards of care in her administration of anesthesia to decedent (*see Bell v Ellis Hosp.*, 50 AD3d 1240, 1242 [2008]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to defendant's contention, the anesthesiologist possessed the requisite skill, training, knowledge and experience to render a reliable opinion with respect to the standard of care applicable to the administration of the anesthesia (*see Bickom v Bierwagen*, 48 AD3d 1247 [2008]; *see generally Matott v Ward*, 48 NY2d 455, 459 [1979]). Indeed, plaintiff's expert "was not required to have practiced the same specialty as defendant" (*Robertson v Greenstein*, 308 AD2d 381, 382 [2003], *lv dismissed* 2 NY3d 759 [2004]; *see generally Fuller v Preis*, 35 NY2d 425, 431 [1974]). The affirmation of the anesthesiologist sufficiently set forth defendant's alleged acts of negligence and the consequences thereof such that a trier of fact could conclude that defendant's alleged negligence was a proximate cause of decedent's death (*see Roca v Perel*, 51 AD3d 757, 759 [2008]). Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.