Patricia A. Daugharty, Individually and as Executor of James P. Gleason, Deceased, Appellant, v Robert Marshall et al., Respondents, et al., Defendants. [875 NYS2d 621]—

Malone Jr., J. Appeal from that part of an order of the Supreme Court (Ceresia, Jr., J.), entered October 5, 2007 in Rensselaer County, which granted a motion by defendants Robert Marshall and Partners in Family Medicine for summary judgment dismissing the complaint against them.

Defendant Robert Marshall, a board-certified family practitioner, treated James P. Gleason (hereinafter decedent) from 1988 through 2001 for various conditions, including hypertension, hypertension cardiomyopathy, coronary artery disease, congestive heart failure, chronic obstructive pulmonary disease, diabetes, severe arthritis, gallstones and prostrate problems. Decedent also received treatment for some of these conditions from Jorge Constantino, a board-certified cardiologist. In June 2000, during a scheduled visit, decedent complained to Marshall that, over the past year, he had experienced four or five episodes

of abdominal pain, which developed into his chest and lasted approximately 15 minutes. Noting that decedent's abdomen was "soft" and "non-tender," Marshall believed that decedent was experiencing a "[p]ossible increase in his cardiomyopathy with possible ischemic disease," and ordered laboratory tests, which were normal. Over the next year and a half, decedent occasionally reported similar pains to Marshall, as well as to Constantino, during routine or scheduled visits, and Marshall continued to note negative findings upon physical examination, as well as negative laboratory results. Marshall last treated decedent in October 2001, at which time decedent reported feeling good and Marshall continued his assessment that decedent's intermittent abdominal pain was likely due to mesenteric ischemia.[1]

In January 2002, decedent presented to an emergency room with a four-day history of shortness of breath, nausea, vomiting and excruciating abdominal pain and distension. Laboratory results reflected that decedent had elevated liver enzyme levels, and an exploratory laparotomy performed the next day revealed "[e]xtensive adhesions and inflammation, possibly from a perforation that was not new but a few days old," as well as a "[l]arge common [bile] duct stone." He subsequently developed sepsis, suffered multiorgan failure and ultimately died in hospice two months later.

Plaintiff, decedent's daughter, commenced this wrongful death action, individually and as the executor of decedent's estate, asserting claims of medical malpractice and negligence against Marshall and Marshall's medical practice, defendant Partners in Family Medicine (hereinafter collectively referred to as defendants), as well as Constantino and his medical practice. Specifically, plaintiff alleged, among other things, that defendants failed to properly diagnose and treat decedent's complaints of abdominal pain and that such failure ultimately resulted in decedent's death. Following discovery, defendants and the Constantino defendants each moved for summary judgment dismissing the complaint against them. Supreme Court granted the motions and plaintiff now appeals from that part of the order that granted defendants' motion.[2]

Initially, to the extent that plaintiff challenges defendants' prima facie showing of entitlement to judgment as a matter of law, we find that defendants' submissions were sufficient to

---

**1.** Mesenteric ischemia is a condition categorized by decreased blood flow to the intestines.

**2.** Subsequent to the entry of Supreme Court's order, plaintiff stipulated to the discontinuance of this action, with prejudice, against the Constantino defendants.

meet their initial burden as proponents of the summary judgment motion. The burden then shifted to plaintiff to show, "through competent expert medical opinion evidence, both a deviation from the accepted standard of care and that the departure was a proximate cause of decedent's death" (*Bell v Ellis Hosp.*, 50 AD3d 1240, 1241 [2008]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). In our view, plaintiff raised a triable issue of fact regarding Marshall's alleged deviation from accepted standards of medical care and provided a sufficient link between the deviation and the harm to decedent (*see Flower v Noonan*, 271 AD2d 825, 826 [2000]).

In his affidavit in opposition to defendants' motion, plaintiff's expert, Maxwell M. Chait, a licensed physician with board certifications in internal medicine and gastroenterology, asserted that Marshall's continued reliance upon his initial tentative diagnosis of ischemia, without engaging in a differential diagnosis to consider other causes for decedent's complaints, was a deviation from good and accepted medical practice. Based upon his review of the records and testimony, Chait found no evidence that Marshall had considered any other diagnoses. Moreover, Chait indicated that, since mesenteric ischemia is a potentially life-threatening disease, "[g]ood and accepted practice" requires referral to a gastroenterologist. Chait's opinion did not, as defendants assert, ignore the physical examinations performed by Marshall and the laboratory tests he ordered. Rather, he pointed out that such tests were "of limited value" in diagnosing the ailments from which decedent suffered. While Chait did not set forth in detail the particular tests that Marshall should have performed, he opined that the failure to make a referral to a gastroenterologist, in and of itself, represented a deviation from the applicable standard of care.

As further evidence of Marshall's negligence, Chait pointed out that Marshall should not have relied upon decedent's claims that his pain was relieved by nitroglycerin, because that medication can relieve spasms including those caused by bile duct stones. Chait further noted that decedent's pains were relieved by eating, while mesenteric ischemia is typically exacerbated by eating. In addition, Chait opined that the apparent waxing and waning of decedent's pain should have been recognized as typical of gastrointestinal problems. Chait also pointed to Marshall's failure to attach clinical significance to decedent's sudden loss of interest in drinking as negligence.

Chait opined, further, that Marshall was negligent in assuming that decedent's cardiologist would take on the responsibility of referring decedent to a gastroenterologist to address his ab-

dominal pains and following up with such referral, as those matters are not part of the duties of a cardiologist and fall squarely within the responsibilities of the primary care physician. He also indicated that Marshall's repeated failures to heed the warnings in the cardiologist's notes and in decedent's own self-diagnosis of gall bladder problems constituted malpractice. Ultimately, Chait opined that the large size of decedent's bile duct stone and the severity of his ulcer suggest that decedent was suffering from these problems from 2000 or 2001 and, given decedent's medical history and risk factors, Marshall's failure to properly diagnose the problems and refer decedent to a gastroenterologist led to decedent's preventable death.

Based upon the foregoing, we find that there is sufficient evidentiary support for Chait's conclusions—that Marshall deviated from the accepted standards of medical care and that such deviation was a proximate cause of decedent's death—to satisfy plaintiff's burden and to defeat defendants' summary judgment motion (*see Flower v Noonan*, 271 AD2d at 826; *see generally Hranek v United Methodist Homes of Wyo. Conference*, 27 AD3d 879, 880-881 [2006]). Accordingly, we reverse that part of Supreme Court's order as granted defendants' motion.

Cardona, P.J., Kane, Kavanagh and Stein, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted the motion of defendants Robert Marshall and Partners in Family Medicine; said motion denied; and, as so modified, affirmed. [*See* 2007 NY Slip Op 33162(U).]