■ John Natale, Respondent, v Riverview Cancer Care Medical Associates et al., Appellants, et al., Defendant. [891 NYS2d 719]—

Cardona, P.J.

After plaintiff was diagnosed with squamous cell carcinoma in the area of his left tonsil, his treating otolaryngologist presented him with potential treatment options, including wide excision of the tumor site combined with functional neck excision, or radiation therapy. Plaintiff thereafter consulted with defendant Wade J. Gebara, a radiological oncologist, at a facility operated by defendant Riverview Cancer Care Medical Associates. After discussing his treatment options with Gebara, plaintiff elected to pursue radiation therapy and signed a consent form which discussed the risks associated therewith, including dry mouth.

Plaintiff underwent a two-month course of radiation treatment to both sides of his neck, during which he suffered from, among other things, xerostomia, or dry mouth. A follow-up examination one year later revealed that he was clinically free of the squamous cell carcinoma of his left tonsil; however, he still complained of severe xerostomia. Two years later, he commenced this action alleging medical malpractice, negligence and lack of informed consent. Gebara and Riverview (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them.* Supreme Court denied the motion, holding that plaintiff raised a question of fact as to whether the cancer could have been cured with a more conservative treatment than bilateral radiation that would not have caused xerostomia. Defendants appeal.

Plaintiff does not dispute that defendants met their initial burden of establishing entitlement to judgment as a matter of law. In that regard, defendants submitted Gebara's affirmation in which he stated that radiation treatment limited to only one side of the neck is not the standard of care for the majority of tonsillar carcinoma patients, and he opined, with a reasonable

* Plaintiff previously withdrew his lack of informed consent claim.

degree of medical certainty, that plaintiff was an appropriate candidate for bilateral treatment. Defendants also submitted the affirmation of radiation oncologist Robert Smith, who opined with a reasonable degree of medical certainty that, under the circumstances of plaintiff's condition, bilateral radiation treatment conformed to the accepted standards of medical care and treatment.

The burden thus shifted to plaintiff to "establish[ ] a departure from accepted medical practice, as well as a nexus between the alleged malpractice and plaintiff's injury" (*Grzelecki v Sipperly*, 2 AD3d 939, 941 [2003] [internal quotation marks and citations omitted]; *see Bell v Ellis Hosp.*, 50 AD3d 1240, 1241 [2008]). In that regard, plaintiff proffered the affirmation of Peter Blitzer, a physician certified by the American Board of Radiology with a specialty in therapeutic radiology, who opined with a high degree of medical certainty that the bilateral radiation therapy administered to plaintiff "failed to meet the standard of care and resulted in his severe, permanent xerostomia." Defendants contend that Blitzer's affidavit is speculative and conclusory, and thus insufficient to defeat summary judgment. We do not agree. "Although '[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion' " (*Bell v Ellis Hosp.*, 50 AD3d at 1242, quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]), we find that Blitzer's affirmation, while sparse, adequately set forth the elements of plaintiff's claim. Specifically, Blitzer stated that he reviewed, among other things, the depositions of plaintiff and Gebara, as well as plaintiff's medical records. He also discussed plaintiff's condition and the facts surrounding plaintiff's treatment and indicated that one of several other available treatments would have prevented xerostomia, while the bilateral treatment administered "resulted in unnecessary, high doses of radiation to the contralateral parotid gland." Furthermore, Blitzer established a nexus between the bilateral treatment administered to plaintiff and the resulting xerostomia. Accordingly, Supreme Court properly denied defendants' motion for summary judgment.

Spain, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.