■ CAITLIN PLOURD, Respondent, v LOUIS ANTHONY SIDOTI et al., Appellants. [891 NYS2d 744]—

Mercure, J.P.

After falling down a flight of stairs, plaintiff sought treatment at the emergency room of St. Mary's Hospital in the City of Troy, Rensselaer County, which is operated by defendant Seton Health System, Inc. Following a physical examination and review of X rays of her wrists, plaintiff was diagnosed as having suffered, among other things, a sprained right wrist. The wrist was splinted and plaintiff was given copies of the X rays and ad-

vised to consult with her own physician, which she did. When plaintiff's wrist pain failed to abate for several months, she obtained further treatment and was found to have suffered a navicular fracture in her right wrist that had not healed and required surgery to correct.

Plaintiff thereafter commenced this action, alleging that the failure of the emergency room physician, defendant Louis Sidoti, to diagnose the fracture caused her unnecessary pain and led to the need for surgery. Following joinder of issue, Supreme Court denied defendants' separate motions for summary judgment. Defendants now appeal and we affirm.

To the extent the issue is disputed, we agree with Supreme Court that defendants met their initial burden of demonstrating a prima facie entitlement to summary judgment as a matter of law. The burden accordingly shifted to plaintiff to show, by competent medical proof, that a deviation from the accepted standard of care occurred and that a causal nexus existed between that deviation and her injuries (*see Daugharty v Marshall*, 60 AD3d 1219, 1221 [2009]; *Bell v Ellis Hosp.*, 50 AD3d 1240, 1241 [2008]; *Snyder v Simon*, 49 AD3d 954, 956 [2008]). To that end, plaintiff submitted the affidavit of G. Richard Braen, a physician licensed to practice in New York who is board certified in internal medicine and currently employed in the field of emergency medicine.

Initially, given that the alleged malpractice occurred in the context of emergency medicine, Braen's board certification and his employment support an inference that his expert opinion was a reliable one, "and any alleged lack of skill or experience goes to the weight to be given to the opinion, not its admissibility" (*Bell v Ellis Hosp.*, 50 AD3d at 1242; *see Borawski v Huang*, 34 AD3d 409, 410 [2006]). The record reveals that the X ray of plaintiff's right wrist taken at the emergency room indicated a possible fracture, but that a physician's assistant who examined plaintiff noted that the X ray was negative, a finding Sidoti signed off on. Braen opined that Sidoti deviated from accepted practice by, among other things, failing to advise plaintiff of the possible fracture and refer her to an orthopedist. As to the issue of proximate cause, Braen opined in succinct fashion that the failure to properly treat the fracture likely led to the surgery required to correct the problem. This opinion was sufficient to raise a question of fact given Braen's discussion of the pertinent facts and identification of the appropriate treatment for a navicular fracture—immobilization by casting—which defendants' alleged errors prevented plaintiff from obtaining (*see Bell v Ellis Hosp.*, 50 AD3d at 1242; *Anderson v Lamaute*, 306 AD2d 232, 233-234 [2003]).

Defendants' remaining arguments have been examined and found to be wanting in merit.

Peters, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, with costs.