■ JULIE DIEL, Individually and as Mother and Natural Guardian of BRANDON DIEL, an Infant, and as Administratrix of the Estate of BRANDON DIEL, Deceased, Respondent, v AMY BRYAN, D.D.S., Appellant. [896 NYS2d 782]—

Appeal from a judgment of the Supreme Court, Erie County

(Kevin M. Dillon, J.), entered November 19, 2008. The judgment awarded plaintiff money damages upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action, individually and on behalf of her son (decedent), and as administratrix of decedent's estate, seeking damages for decedent's wrongful death and conscious pain and suffering that allegedly resulted from the improper administration of anesthesia during a tooth extraction procedure. According to plaintiff, defendant also deviated from the standard of care applicable to the monitoring of decedent while anesthetized and failed to utilize appropriate resuscitation efforts in response to decedent's anesthesia-related emergency. In a prior appeal, we affirmed that part of the order denying the motion of defendant for summary judgment dismissing the complaint against her (*Diel v Bryan*, 57 AD3d 1493 [2008]), and defendant now appeals from a judgment entered upon a jury verdict in plaintiff's favor.

We reject the contention of defendant that plaintiff's expert witness, a board certified anesthesiologist, was not qualified to testify concerning the standard of care to be applied in evaluating defendant's care and treatment of decedent with respect to the administration of anesthesia during a dental procedure. "[T]he anesthesiologist possessed the requisite skill, training, knowledge and experience to render a reliable opinion with respect to the standard of care applicable to the administration of the anesthesia" in this case (*id.* at 1494; *see Bickom v Bierwagen*, 48 AD3d 1247 [2008]). Although defendant's expert in oral maxillofacial surgery testified that there were "separate rules [concerning anesthesia] for dentists only," defendant failed to establish how the administration of anesthesia to decedent during a dental procedure required special training or differed in any material respect from the administration of anesthesia by a board certified anesthesiologist. Indeed, we note that, at the time of decedent's procedure, the "separate rules" for acquiring a dental anesthesia certificate provided that a dentist could obtain certification to administer general anesthesia and parenteral sedation by completing "one year of post-doctoral training in *anesthesiology* acceptable to the [D]epartment [of Education]" (8 NYCRR 61.10 [c] [1] [emphasis added]).

We reject the further contention of defendant that the testimony of plaintiff's expert was not based upon facts in the record (*see generally Cassano v Hagstrom*, 5 NY2d 643, 646 [1959], *rearg denied* 6 NY2d 882 [1959]), and we conclude that such testimony sufficiently established a causal connection be-

tween defendant's deviations from the applicable standard of care and decedent's death (*see generally Matott v Ward*, 48 NY2d 455, 459-462 [1979]; *Elston v Canty*, 15 AD3d 990 [2005]). Contrary to defendant's contention, Supreme Court properly allowed plaintiff to cross-examine defendant with respect to her admitted theft of narcotic medications from her former employer. A witness may be cross-examined with respect to specific immoral, vicious or criminal acts that have a bearing on his or her credibility (*see Badr v Hogan*, 75 NY2d 629, 634 [1990]; *Shainwald v Barasch*, 29 AD3d 337 [2006]). Defendant's further contention that the award of damages for decedent's conscious pain and suffering deviates materially from what would be reasonable compensation is not preserved for our review because defendant failed to move to set aside the verdict on that ground (*see Homan v Herzig* [appeal No. 2], 55 AD3d 1413, 1414 [2008]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.