Fay v Satterly (2018 NY Slip Op 00772)





Fay v Satterly


2018 NY Slip Op 00772


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1535 CA 17-01018

[*1]JAN MARIE FAY, AS ADMINISTRATOR OF THE ESTATE OF PETER JAMES HUNTER, SR., ALSO KNOWN AS PETER J. HUNTER, SR., DECEASED, AND AS GUARDIAN OF THE PROPERTY OF PETER J. HUNTER, JR., PLAINTIFF-APPELLANT,
v
CLYDE H. SATTERLY, M.D., FAMILY MEDICINE MEDICAL SERVICE GROUP, RLLP, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANTS. 






ROBERT E. LAHM, PLLC, SYRACUSE (ROBERT E. LAHM OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (JENNA W. KLUCSIK OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered January 6, 2017. The order granted the motion of defendants Clyde H. Satterly, M.D., and Family Medicine Medical Service Group, RLLP for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated against defendants Clyde H. Satterly, M.D. and Family Medicine Medical Service Group, RLLP.
Memorandum: Plaintiff, as administrator of the decedent's estate and guardian of the property of decedent's son, commenced this medical malpractice and wrongful death action seeking damages for the death of decedent following elective spinal surgery. According to plaintiff, defendant Clyde H. Satterly, M.D., while employed by defendant Family Medicine Medical Service Group, RLLP (collectively, defendants), was negligent in, inter alia, clearing decedent for elective surgery despite the presence of an occult infection during Dr. Satterly's examination of decedent on June 10, 2013. The surgery was performed on June 19, 2013, and decedent died five days later due to cardiac arrest as a consequence of sepsis, a systemic inflammatory response to infection. Supreme Court granted defendants' motion for summary judgment dismissing the complaint against them. We reverse.
Even assuming, arguendo, that defendants met their initial burden on their motion, we agree with plaintiff that the affidavit of her medical expert raised triable issues of fact (see Selmensberger v Kaleida Health, 45 AD3d 1435, 1436 [4th Dept 2007]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to defendants' contention, we conclude that plaintiff's expert, a board certified anesthesiologist, was qualified to offer an opinion about the performance of a presurgical clearance examination by a primary care physician (see generally Diel v Bryan, 71 AD3d 1439, 1440 [4th Dept 2010]), inasmuch as the expert possessed the requisite skill, training, knowledge and experience to render a reliable opinion with respect to the standard of care applicable in this case (see id.). We further conclude that "[t]he conflicting opinions of the experts for plaintiff and defendant[s] with respect to . . . defendant[s'] alleged deviation[s] from the accepted standard of medical care present credibility issues that cannot be resolved on a motion for summary judgment" (Ferlito v Dara, 306 AD2d 874, 874 [4th Dept 2003]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court