Nowelle B. v Hamilton Med., Inc. (2019 NY Slip Op 08019)





Nowelle B. v Hamilton Med., Inc.


2019 NY Slip Op 08019


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


789 CA 18-01477

[*1]NOWELLE B., INDIVIDUALLY, AND AS PARENT AND NATURAL GUARDIAN OF RYAN D.R., II, AN INFANT, PLAINTIFF-RESPONDENT,
v
HAMILTON MEDICAL, INC., HOLLY PAYNE, RT, CURRINA STONE, RN, ANNA RUSTIN, RN, LINDSEY VALDEZ, RN, EVELYN KHORIATY, M.D., DEFENDANTS-RESPONDENTS, MICHAEL L. KIRSCH, M.D., INDIVIDUALLY, AND AS AGENT, OFFICER AND/OR EMPLOYEE OF OUR LADY OF LOURDES MEMORIAL HOSPITAL, INC., JAMES STOUGHTON, M.D., INDIVIDUALLY, AND AS AGENT, OFFICER AND/OR EMPLOYEE OF OUR LADY OF LOURDES MEMORIAL HOSPITAL, INC., OUR LADY OF LOURDES MEMORIAL HOSPITAL, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






HINMAN, HOWARD & KATTELL, LLP, BINGHAMTON (JAMES S. GLEASON OF COUNSEL), FOR DEFENDANTS-APPELLANTS MICHAEL L. KIRSCH, M.D., INDIVIDUALLY, AND AS AGENT, OFFICER AND/OR EMPLOYEE OF OUR LADY OF
MEMORIAL HOSPITAL, INC. 
MAURO LILLING NAPARTY LLP, WOODBURY (CARYN L. LILLING OF COUNSEL), FOR DEFENDANT-APPELLANT JAMES STOUGHTON, M.D., INDIVIDUALLY, AND AS AGENT,
CHERUNDOLO LAW FIRM, PLLC, SYRACUSE (PETER C. PAPAYANAKOS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 
LANDMAN CORSI BALLAINE & FORD P.C., NEW YORK CITY (JAMES M. WOOLSEY, III, OF COUNSEL), FOR DEFENDANT-RESPONDENT HAMILTON MEDICAL, INC.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JOSEPH M. SPADOLA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS HOLLY PAYNE, RT, CURRINA


 Appeals from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered July 30, 2018. The order denied the motions for summary judgment of defendant James Stoughton, M.D., and defendants Michael L. Kirsch, M.D. and Our Lady of Lourdes Memorial Hospital, Inc. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this medical malpractice action for personal injuries sustained by her infant son after he suffered a severe brain injury from bilateral tension pneumothoraxes. Defendants James Stoughton, M.D. (Dr. Stoughton), Our Lady of Lourdes Memorial Hospital, Inc., and Michael L. Kirsch, M.D. (Dr. Kirsch) (collectively, Binghamton [*2]defendants) appeal from an order denying their respective motions for summary judgment dismissing the amended complaint against them. We affirm.
"[T]o meet [their] initial burden on [their] summary judgment motion[s] in this medical malpractice action, defendant[s] [were] required to present factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that [they] complied with the accepted standard of care or did not cause any injury to the patient" (Isensee v Upstate Orthopedics, LLP, 174 AD3d 1520, 1521 [4th Dept 2019] [internal quotation marks omitted]). We agree with the Binghamton defendants that they satisfied their initial burdens on the motions with respect to both compliance with the accepted standard of care and proximate cause. The burden thus shifted to the nonmoving parties to raise an issue of fact by submitting an expert's affidavit establishing both a departure from the accepted standard of care and that the departure was a proximate cause of the injury (see id. at 1522). Here, however, Supreme Court noted in its bench decision that "everyone has conceded" that there are questions of fact regarding the "standard of care and deviation from that standard of care." The Binghamton defendants do not challenge that specific conclusion on appeal.
We also agree with the Binghamton defendants that plaintiff's two expert submissions failed to raise a triable issue of fact with respect to proximate cause inasmuch as those submissions provide no explanation to support the claim that the alleged delay in transferring the child to Upstate University Hospital contributed to the injuries sustained, i.e., bilateral tension pneumothoraxes (see Longtemps v Oliva, 110 AD3d 1316, 1319 [3d Dept 2013]; Mosezhnik v Berenstein, 33 AD3d 895, 897 [2d Dept 2006]). We conclude, however, that triable issues of fact were raised with respect to proximate cause by defendants Holly Payne, RT, Currina Stone, RN, Anna Rustin, RN, Lindsey Valdez, RN, and Evelyn Khoriaty, M.D. (collectively, Upstate defendants), who submitted in opposition to the Binghamton defendants' motions, inter alia, an affidavit of an expert pediatric pulmonologist (see Way v Grantling, 289 AD2d 790, 792 [3d Dept 2001]). Notably, that expert opined, inter alia, that the Binghamton defendants' delay in recognizing the child's need for immediate critical care was a substantial contributing factor in the development of his bilateral tension pneumothoraxes. "Where, as here, a nonmovant's expert affidavit squarely opposes' the affirmation of the moving parties' expert, the result is a classic battle of the experts that is properly left to a jury for resolution' " (Mason v Adhikary, 159 AD3d 1438, 1439 [4th Dept 2018]). We similarly reject the Binghamton defendants' contention that the language used by the Upstate defendants' expert showed that his opinions were speculative and therefore insufficient to raise a question of fact. "The probative force of an opinion is not to be defeated by semantics if it is reasonably apparent that the doctor intends to signify a probability supported by some rational basis" (Matter of Miller v National Cabinet Co., 8 NY2d 277, 282 [1960], mot to amend remittitur granted 8 NY2d 1100 [1960]). Contrary to Dr. Stoughton's contention, the Upstate defendants' expert was not required to have practiced the same speciality as Dr. Stoughton, i.e., emergency medicine (see Diel v Bryan, 57 AD3d 1493, 1494 [4th Dept 2008]). "The specialized skills of [an] expert as demonstrated through his [or her] board certifications, taken together with the nature of the medical subject matter of th[e] action, are sufficient to support the inference that his [or her] opinion regarding [the] treatment [at issue] was reliable . . . , and any alleged lack of skill or experience goes to the weight to be given to the opinion, not its admissibility" (Bell v Ellis Hosp., 50 AD3d 1240, 1242 [3d Dept 2008]; see Carter v Tana, 68 AD3d 1577, 1580 [3d Dept 2009]).
We have reviewed the remaining contention of Dr. Stoughton and conclude that it does not require reversal or modification of the order.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court