■ ANN V. LOWERY, Respondent, v CLAYTON J. HISE, Appellant. [609 NYS2d 456] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered October 31, 1991 in Dutchess County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff seeks to recover damages for injuries allegedly sustained as a result of defendant's dental malpractice. Due to pain in her lower right wisdom tooth, plaintiff consulted defendant, a licensed dentist, who is certified in oral and maxillofacial surgery. Defendant X-rayed plaintiff's teeth and concluded that both her lower right and lower left wisdom teeth were impacted. Although the lower left wisdom tooth was not causing any discomfort, defendant advised plaintiff that it would be practical, prudent and less expensive to remove both of the impacted lower wisdom teeth in a single procedure. She consented and defendant performed the procedure.

Plaintiff thereafter commenced this action, alleging that the extraction of the lower left wisdom tooth had produced certain side effects, including numbness of the tongue and mouth and decreased ability to salivate. Plaintiff's bill of particulars alleges a lack of informed consent, based upon defendant's failure to advise plaintiff of the possible risks involved in the extraction. It is also alleged that considering plaintiff's age, the fact that the tooth was not causing any discomfort and the potential side effects, the performance of the extraction was malpractice even though it was not done in an improper manner. The supplemental bill of particulars alleged that defendant was also negligent in failing to use the proper type

of X ray, which would have disclosed the likelihood of plaintiff developing adverse side effects from the extraction.

Defendant moved for summary judgment and submitted his own affidavit which explained the basis for his diagnosis, alleged that he had warned plaintiff about the risks common to the procedure, and concluded that he had not deviated from general and accepted dental practice. Defendant also submitted a consent form signed by plaintiff, which stated that she had been fully informed of, and fully understood, all of the risks and alternatives. Plaintiff submitted her own affidavit in which she alleges that defendant never told of the risks and that she neither read nor understood the consent form because of the pain she was experiencing when she signed it. Plaintiff also submitted an affirmation of a dentist, certified in oral and maxillofacial surgery, who alleged that he had reviewed plaintiff's dental records and was of the opinion that defendant deviated from accepted dental/oral/maxillofacial surgery when he extracted plaintiff's lower left wisdom tooth. He also alleged that the side effects suffered by plaintiff were caused by the extraction. Supreme Court denied the motion. We affirm.

Assuming that defendant met his burden as the proponent of the summary judgment motion *(see, Zuckerman v City of New York,* 49 NY2d 557), plaintiff submitted sufficient evidence to establish a material issue of fact requiring a trial. Although the affirmation of plaintiff's expert is succinct, it is sufficient, in our view, to raise a question of fact as to whether defendant deviated from accepted practice in extracting plaintiff's lower left wisdom tooth in the circumstances *(see, Nandy v Albany Med. Ctr. Hosp.,* 155 AD2d 833). The informed consent issue also appears to involve a factual dispute. The order should, therefore, be affirmed.

Mikoll, J. P., White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.