■ CAROL A. PASSERO et al., Appellants, v JAMES V. PULEO II, Respondent. [793 NYS2d 637]—

Mugglin, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 11, 2004 in Saratoga County, which granted defendant's motion for summary judgment dismissing the complaint.

In October 1999, plaintiff Carol A. Passero (hereinafter plaintiff) sought treatment at Albany Memorial Hospital due to stomach pains that she had been experiencing during the preceding four-day period. An ultrasound examination was suggestive of a stone in the common bile duct. Defendant, a gastroenterologist, was consulted and he recommended an endoscopic retrograde cholangiopancreatography (hereinafter ERCP), rather than open exploratory surgery. When defendant was unable to gain access to plaintiff's duct during the procedure, he unsuccessfully attempted to gain access by performing a sphincterotomy. Defendant stopped the procedure and, realizing that plaintiff was experiencing uncharacteristic abdominal pain, he ordered an X ray and a CT scan. The CT scan demonstrated a possible perforation of plaintiff's duodenum and her care was transferred to a surgeon who performed urgent exploratory surgery, during which the duodenal perforation was discovered and repaired.

Plaintiff and her husband, derivatively, commenced this medical malpractice action alleging that defendant was negligent in the performance of the ERCP procedure. After joinder of issue

and discovery, defendant moved for summary judgment dismissing the complaint, which Supreme Court granted after determining that plaintiffs' medical expert's affidavit was insufficient to raise a triable issue of fact. Plaintiffs appeal.

We affirm. Plaintiffs do not argue that defendant did not make a prima facie showing of entitlement to summary judgment. Therefore, to rebut defendant's showing, plaintiffs must establish " 'a departure from accepted medical practice, as well as a nexus between the alleged malpractice and plaintiff's injury.' Moreover, '[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion' " (*Grzelecki v Sipperly*, 2 AD3d 939, 941 [2003] [citations omitted]). Thus guided, we turn to the affidavit of the gastroenterologist employed by plaintiffs as their expert. This expert first stated that when plaintiff presented at the hospital with mild pancreatitis, her liver function and the sonogram were normal. As a result, the expert concluded that "it is questionable whether an ERCP should have been performed at all. Other approaches would have involved less risk to the patient." Three observations are appropriate. First, the statement that the sonogram was normal ignores the sonogram report which stated "[f]indings [are] strongly suggestive of acute cholecystitis. [Question of] tiny calculus within the common bile duct." The expert does not explain how those findings comport with normalcy. Second, the statement that "it is questionable whether an ERCP should have been performed at all" is not the equivalent of an opinion that it was a deviation from accepted medical standards to do the procedure. Third, the other approaches, or how they would involve less risk to the patient, are not identified.

Next, this expert states that continuation of the surgery after the bile duct could not be entered was "the first clear deviation from the accepted standard of care." This opinion is unsupported by the appropriate foundation defining what is the applicable standard of care (*see Torns v Samaritan Hosp.*, 305 AD2d 965, 967 [2003]). Moreover, the opinion ignores defendant's evidence that plaintiff consented to the risks of the ERCP procedure, including the possibility of a sphincterotomy and perforation of the duodenum (*see Gage v Dutkewych*, 3 AD3d 629, 631 [2004]). Lastly, the expert opines that after the duodenum was perforated, defendant "did nothing to repair the perforation" and that it was finally repaired by a different surgeon the next day. The expert concludes that failure to make

an immediate repair exacerbated the injury to plaintiff. This opinion is clearly unsupported by the record. Not only did defendant immediately order an X ray and a CT scan, but he also immediately turned plaintiff's care over to a surgeon who repaired the perforation. The hospital records reveal that the ERCP and the surgery were performed on the same day. We thus conclude that the affidavit of plaintiffs' expert is unsupported by the record, in part, and the balance is too generalized and conclusory to create a material issue of fact which would preclude summary judgment.

Crew III, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.