■ Gerardo Corcino et al., Respondents, v Mark Filstein, Appellant. [820 NYS2d 220]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about November 30, 2005, which, to the extent appealed from, denied so much of defendant's motion for summary judgment as sought to dismiss the causes of action based on medical malpractice, lack of informed consent and deceptive business practices, and loss of consortium, unanimously modified, on the law, the motion granted as to the cause of action based on deceptive business practices and that cause of action dismissed, and otherwise affirmed, without costs.

The complaint alleges permanent injury stemming from the performance of penile augmentation surgery. A cause of action for deceptive business practices (General Business Law § 349) requires proof that the defendant engaged in consumer-oriented conduct that was materially deceptive or misleading, causing injury (*see Gaidon v Guardian Life Ins. Co. of Am.*, 94 NY2d 330, 344 [1999]). Even assuming that defendant is chargeable

with the advertisement that led plaintiff to his medical office, a conclusion the motion court seemed to reject in its dismissal of the separate false advertising claim under General Business Law § 350, the General Business Law § 349 cause of action fails because said advertisement was not materially deceptive or misleading.* Unlike *Karlin v IVF Am.* (93 NY2d 282, 288 [1999]), nothing in this advertisement has been shown to be false or misleading, such as a guarantee of results, misleading statistics on success rates or an assertion that there are no risks to the procedure.

However, the causes of action for lack of informed consent and malpractice were properly sustained. Notwithstanding plaintiff's signature on a consent form moments before going into surgery, he presented expert opinion that the document he executed was insufficient to satisfy defendant's medical obligations under the circumstances. In addition, the parties offer distinctly different versions of what defendant verbally told plaintiff about the risks of the procedure. Therefore, the evidence does not conclusively establish that plaintiff was fully informed of the potential complications associated with this surgical procedure.

Further, defendant, as the proponent of summary dismissal, had the burden of establishing that there was no issue of fact as to whether he committed medical malpractice (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Even assuming defendant's affidavit was sufficient to satisfy this burden, the expert opinion offered by plaintiffs' expert, that cutting the suspensory ligament and grafting the fat around the patient's penis were inherently risky and constituted departures from acceptable medical practice, was sufficient to raise a triable issue of fact. The motion court appropriately rejected defendant's attack on the qualifications of plaintiffs' expert, since such qualifications generally go to the weight of the expert's testimony, not its admissibility (*see Adamy v Ziriakus*, 92 NY2d 396, 402 [1998]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Buckley, P.J., Marlow, Sullivan, Gonzalez and Sweeny, JJ.

---

* The advertisement included the statements: "If the size of your penis torments you, we have the solution . . . Our specialized doctors will widen or make bigger the penis . . . [D]on't feel frustrated or ashamed of intimacy because your problem now has a solution."