■ ANNETTE MEISELMAN, Appellant, v LONNIE FOGEL et al., Respondents. [858 NYS2d 200]—

In an action to recover damages for malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Feinman, J.), dated April 30, 2007, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

In the fall of 2003 the plaintiff began receiving physical therapy at the defendant Plainview Physical Therapy and Sports Rehab (hereinafter the therapy center). The plaintiff alleges that during a therapy session in December 2003 the defendant Lonnie Fogel placed her in a traction device which caused her to experience severe pain in her neck, and resulted in permanent injuries. More than 2½ years later, the plaintiff commenced this action against the therapy center and Fogel, seeking to recover damages for the injuries sustained allegedly due to Fogel's negligent and unprofessional conduct. The defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the action on the ground that it was time-barred by the 2½-year statute of limitations applicable to medical malpractice actions, and the Supreme Court granted the motion.

Contrary to the plaintiff's contention, the court properly concluded that her complaint predicated upon the negligent administration of physical therapy is governed by the 2½-year statute of limitations set forth in CPLR 214-a. Although CPLR 214-a applies to claims against physicians, dentists, and podiatrists, "in the area of somatic health care, professionals other than licensed physicians may be liable for 'medical malpractice' within the meaning of CPLR 214-a" (*Karasek v LaJoie,* 92 NY2d 171, 177 [1998]; *see Bleiler v Bodnar,* 65 NY2d 65, 72 [1985]). Thus, "[p]hysical therapists, who are professionals licensed pursuant to Education Law article 136, may be liable for medical malpractice within the meaning of CPLR 214-a if the alleged negligent act or omission amounts to 'medical treatment or bears a substantial relationship to the rendition of medical treatment by a licensed physician' " (*Wahler v Lockport Physical Therapy,* 275 AD2d 906, 907 [2000], quoting *Bleiler v Bodnar,* 65 NY2d 65, 72 [1985]; *see Pattavina v DiLorenzo,* 26 AD3d 167 [2006]; *Levinson v Health S. Manhattan,* 17 AD3d 247 [2005]; *Joyner v Visiting Nurse Serv. of N.Y.,* 254 AD2d 394 [1998]). Since the physical therapy prescribed by the plaintiff's physician and administered by Fogel either constituted medical treatment or bore a substantial relationship to such treatment, the plaintiff's complaint sounded in medical malpractice, and was properly dismissed as time-barred. Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.