■ WENDY S. CAULKINS, Appellant, v LISA A. VICINANZO et al., Respondents. [895 NYS2d 600]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Zwack, J.), entered April 23, 2009 in Rensselaer County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff sustained injuries to her neck on two separate occasions between 1993 and 1994 and was found to have herniated discs as well as disc degeneration at C5-6 and C6-7. Over the next 10 years she was treated for, among other things, chronic neck pain and spinal discomfort by several physicians and chiropractors. Between 2000 and 2004, plaintiff treated regularly with chiropractors defendant Lisa A. Vicinanzo and defendant Kathleen Bauman-Brown, with treatments varying in frequency from once a month to multiple times per week. On September 20, 2004 and September 24, 2004, Vicinanzo treated plaintiff by performing chiropractic manipulations of her spine. Despite four subsequent treatments with defendants without any reported change of symptoms, plaintiff contacted Bauman-Brown on October 23, 2004 complaining of unbearable pain, and was treated by Bauman-Brown later that day. Two days later, plaintiff visited her primary care physician complaining of left side neck and shoulder pain and paraesthesias down her left arm that had since gone away. Following an MRI, plaintiff was diagnosed with cervical spondylosis with myelopathy and she underwent cervical fusion surgery.

Plaintiff thereafter commenced this malpractice action alleging that the spinal adjustments performed by defendants caused her to suffer severe spinal cord injury requiring surgical intervention. As specified in her bills of particulars, plaintiff claimed that Vicinanzo was negligent in failing to properly treat her on September 20, 2004 and September 24, 2004, and that Bauman-Brown was negligent in treating her on October 23, 2003 and vicariously liable for Vicinanzo's negligence. Following joinder of issue and discovery, defendants each moved for summary judgment dismissing the complaint. Supreme Court granted the motions, finding that the proof submitted by plaintiff in opposition failed to raise a triable issue of fact. Plaintiff now appeals.

As a preliminary matter, the record amply demonstrates, and plaintiff conceded at oral argument, that Supreme Court properly granted Bauman-Brown's motion for summary judgment dismissing the complaint against her. Accordingly, the only issue before us on this appeal is whether the award of sum-

mary judgment in favor of Vicinanzo was proper. In that regard, plaintiff does not dispute that Vicinanzo made a prima facie showing of entitlement to summary judgment. Therefore, in order to rebut Vicinanzo's showing, plaintiff was required to "establish[ ] a departure from accepted medical practice, as well as a nexus between the alleged malpractice and [her] injury" (*Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916, 917 [2000], *lv denied* 95 NY2d 751 [2000]; *accord Snyder v Simon*, 49 AD3d 954, 956 [2008]).

In opposition to the motion, plaintiff submitted the affidavit of her expert, a licensed chiropractor, whose name was redacted. Initially, we agree with plaintiff's assertion that Supreme Court erred in deeming the affidavit incompetent to the extent that the expert relied on unsworn MRI reports. While it is true that "[u]ncertified medical records and unsworn letters or reports are of no probative value" in opposing a summary judgment motion (*Parmisani v Grasso*, 218 AD2d 870, 872 [1995]; *accord Lentini v Page*, 5 AD3d 914, 916 [2004]), the Court of Appeals has instructed that a sworn medical opinion that relies on unsworn MRI reports constitutes competent evidence (*see Pommells v Perez*, 4 NY3d 566, 577 n 5 [2005]). Additionally, inasmuch as Vicinanzo's expert quoted verbatim from, discussed and relied on the unsworn MRI reports in his affidavit, plaintiff's expert was also entitled to rely upon them (*see Pietrocola v Battibulli*, 238 AD2d 864, 866 n [1997]; *see also Williams v Clark*, 54 AD3d 942, 943 [2008]; *Ayzen v Melendez*, 299 AD2d 381 [2002]).

Nevertheless, we find that the expert's affidavit failed to raise a material issue of fact sufficient to preclude summary judgment. "General, conclusory allegations of medical malpractice, based on speculation or unsupported by competent evidence, are insufficient to meet plaintiff's burden and defeat summary judgment" (*Chase v Cayuga Med. Ctr. at Ithaca*, 2 AD3d 990, 990-991 [2003] [citations omitted]; *see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Horth v Mansur*, 243 AD2d 1041, 1042 [1997]). Plaintiff's expert averred that plaintiff presented to Vicinanzo on September 20, 2004 with an "acute spastic non-mobile condition" that should have been addressed with diagnostic evaluations, such as an MRI, rather than spinal manipulations. However, the expert failed to explain that condition or why it required such treatment, and there is no support in the record that plaintiff was in an "acute stage" when she presented for treatment on September 20, 2004 or that her complaints on that day were different than usual. Alternatively, the expert opined that plaintiff's 1994 and 2002 MRI studies, in

and of themselves, contraindicated spinal manipulations and that the adjustments performed by Vicinanzo on September 20, 2004 and September 24, 2004 were the cause of plaintiff's injuries. Yet, the summary conclusion that those two specific spinal adjustments were the cause of plaintiff's injuries is unsupported by any competent evidence. To that end, although the expert averred that plaintiff presented to the hospital with upper extremity neurological deficits of which she never complained or was diagnosed with prior to the September 20, 2004 treatment, plaintiff's medical records clearly reveal that she experienced paraesthesias in her left hand and arm as well as giveaway weakness in her upper left extremity long before the chiropractic adjustments at issue. More fundamentally, the affidavit wholly failed to rebut Vicinanzo's prima facie showing that plaintiff's condition was caused by a preexisting degenerative condition of the spine and that the abnormalities in plaintiff's spine could not have occurred as a result of a single chiropractic treatment or even multiple treatments, but could only have occurred over the course of many years (*see Gage v Dutkewych*, 3 AD3d 629, 631 [2004]; *Merritt v Saratoga Hosp.*, 298 AD2d 802, 805 [2002]; *see also DiMitri v Monsouri*, 302 AD2d 420, 421 [2003]; *see generally Pommells v Perez*, 4 NY3d at 580). For these reasons, we find that the affidavit of plaintiff's expert was insufficient to withstand summary judgment in favor of Vicinanzo.

Rose, Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, with costs.