■ GABRIELLE HICKEY, an Infant, by AMANDA HICKEY, Her Mother and Guardian, et al., Respondents, v ARNOT-OGDEN MEDICAL CENTER, Appellant, et al., Defendant. [912 NYS2d 807]—

---

Stein, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered September 10, 2009 in Chemung County, which denied a motion by defendant Arnot-Ogden Medical Center for summary judgment dismissing the complaint against it.

Plaintiff Amanda Hickey (hereinafter plaintiff) went to defendant Arnot-Ogden Medical Center (hereinafter defendant) for obstetrical and gynecological care in relation to the birth of her daughter, plaintiff Gabrielle Hickey (hereinafter the infant). Plaintiffs commenced this action to recover damages for defendant's negligence and medical malpractice during the delivery of the infant. Defendant moved for summary judgment dismissing the complaint. On defendant's appeal from Supreme Court's denial of such motion, we now affirm.

As the movant, defendant bears the initial burden of demonstrating its entitlement to judgment as a matter of law; only upon such showing does the burden shift to plaintiffs to demonstrate the existence of a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324, 326-327 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068 [1979]). Here, defendant submitted the affidavit of Henry Lerner, a board-certified doctor in obstetrics and gynecology. He opined that defendant's care and treatment of plaintiffs was within acceptable standards of care and that no act or omission by defendant or its agents or employees caused the infant's alleged injuries.

In opposition, plaintiffs supplied the affidavit of Edward Vogel, who is also a board-certified doctor in obstetrics and gynecology. Vogel opined that defendant Jay K. Mehta, plaintiff's attending physician, deviated from good and accepted practice in relation to the infant's delivery and that such deviation was a proximate cause of her injuries. Viewing the evidence in the light most favorable to plaintiffs (see Horth v Mansur, 243 AD2d 1041, 1042 [1997]), we find that Supreme Court properly determined that plaintiffs raised triable issues of fact as to whether Mehta breached the applicable standard of care and whether such breach was the proximate cause of the infant's injuries.

We are unpersuaded by defendant's contention that, even if plaintiffs have raised triable issues of fact regarding Mehta's care, it is nevertheless entitled to judgment dismissing the complaint against it because plaintiffs failed to establish that Mehta was its agent or employee. Plaintiffs clearly alleged in their complaint, as amplified by their bill of particulars, that Mehta was an agent, servant and/or employee of defendant. Thus, when moving for summary judgment, the burden was on defendant to negate such allegations. Since it failed to do so, the

burden never shifted to plaintiffs to raise a triable issue of fact in this regard and the sufficiency of their opposition papers is of no relevance (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Defendant's remaining contentions have been considered and are either academic or without merit.

Mercure, J.P., Peters, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.