■ Sandra E. Adams, Appellant, v Eldridge T. Anderson et al., Respondents. [923 NYS2d 766]—

Appeal from an order of the Supreme Court (Mulvey, J.), entered April 19, 2010 in Tompkins County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff was injured in a motor vehicle accident in September 2004. She was transported to the hospital, where she was diagnosed with a concussion, a left orbit fracture and minor contusions. In mid-October 2004, plaintiff went to defendant Ithaca Orthopaedic Group, P.C. to have her left wrist examined. Defendant Susan Herr, a physician's assistant, treated plaintiff by initially placing plaintiff's wrist in a cast. A few weeks later, defendant Eldridge T. Anderson, an orthopaedic surgeon, removed the cast, splinted her wrist and gave her exercises to do.

In late November 2004, plaintiff began to complain of significant shoulder pain. Herr noted in plaintiff's medical records that it was "probable chronic regional pain syndrome," more often referred to as complex regional pain syndrome (hereinafter CRPS), and instructed plaintiff to begin physical therapy and to undergo a bone scan. Although plaintiff commenced physical therapy and continued such treatment on a regular basis, she was concerned with the possible effects of a bone scan and declined to have one performed. In January 2005, Anderson discussed with plaintiff the need for pain management, including possible stellate ganglion blocks, but plaintiff refused to undergo that procedure as well. In June 2005, Anderson referred plaintiff to a different physician and, approximately one year later, she commenced this action alleging medical malpractice for failure to timely diagnose and treat CRPS. Defendants moved for summary judgment dismissing the complaint and Supreme Court granted the motion. Plaintiff now appeals and we affirm.

A finding of medical malpractice requires proof that defendants deviated from accepted medical practice and that such deviation was the proximate cause of plaintiff's injury (see *Caulkins v Vicinanzo*, 71 AD3d 1224, 1226 [2010]; *Hytko v Hennessey*, 62 AD3d 1081, 1083-1084 [2009]). Here, in support of their motion, defendants submitted the affidavit of Jack Sproul, a licensed physician. Sproul opined that, because CRPS is a chronic pain syndrome, there is no specific diagnostic test or cure, and treatment involves elimination of the painful symptoms through medicine and physical therapy. He asserted that defendants' diagnosis was timely because it was made when

plaintiff first exhibited symptoms of CRPS in November 2004, and she was appropriately referred to physical therapy and directed to take pain medication as necessary. Based on these assertions, Sproul opined that plaintiff's injuries were not caused by any negligence or deviation from accepted standards of care on the part of defendants. Thus, defendants met their initial burden of demonstrating their right to judgment as a matter of law, thereby shifting the burden to plaintiff to raise a question of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Hickey v Arnot-Ogden Med. Ctr.*, 79 AD3d 1400, 1401 [2010]).

In opposition to the motion, plaintiff submitted the affidavit of Aldo Iulo, a licensed physician certified in orthopaedic surgery. Iulo indicated, among other things, that defendants' proffered treatments should have occurred earlier and, therefore, the conclusive diagnosis of CRPS and "the rapid treatment that would have addressed the CRPS" were delayed. However, the uncontroverted evidence demonstrates that, when defendants recommended the very treatments that Iulo opined should have been undertaken, plaintiff refused such treatments. Thus, even assuming that Iulo's affidavit was sufficient to allege a deviation from accepted standards of care, it did not raise a triable issue of fact as to the nexus between the alleged malpractice and plaintiff's injury and was insufficient to defeat defendants' motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Caulkins v Vicinanzo*, 71 AD3d at 1226-1227).

Plaintiff's remaining contentions have been reviewed and are without merit.

Peters, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.