Peters, PJ.
Appeal from an order of the Supreme Court (Muller, J.), entered December 17, 2012 in Clinton County, which granted defendants’ motions for summary judgment dismissing the complaint.
*1317 Taylor Longtemps was injured on August 8, 2009 when he stepped on a rusty nail which penetrated his left heel. After visiting his pediatrician with complaints of tenderness, Long-temps was referred to defendant Peter J. Oliva, a plastic surgeon. Upon his initial visit on August 12, 2009, Longtemps’ heel was observed to be rounded, swollen and discolored, but had no discharge or evidence of cellulitis. Oliva noted that tests performed the day before revealed no signs of infection or evidence of a foreign body or fracture and prescribed Keflex, a broad range antibiotic. Longtemps returned to Oliva the following day and then again on August 20, 2010 with complaints of sharp, shooting pains in his left heel. Oliva ultimately assessed Longtemps’ injury as a probable bone bruise which did not appear to be infected, and instructed him to follow up for a referral for pain management if the pain did not subside.
Longtemps did not return to Oliva for further treatment, instead presenting to defendant Marc Sarnow, a podiatrist, the following day. Based upon Longtemps’ complaints and the fact that he had been wearing rubber-soled sneakers at the time of the injury, Sarnow immediately suspected a pseudomonas infection and ordered an MRI. The MRI revealed osteomyelitis, a bone infection, and Longtemps underwent surgery on September 2, 2009 for debridement and drainage of his left heel. Bone cultures taken from Longtemps’ foot during the surgery tested positive for pseudomonas. A second surgery was performed on September 16, 2009 for further debridement and insertion of a bone graft.
Plaintiff, Longtemps’ mother, commenced this medical malpractice action alleging that defendants were negligent in failing to properly diagnose and treat Longtemps’ pseudomonas infection. Following joinder of issue and discovery, defendants each moved for summary judgment dismissing the complaint. Supreme Court granted the motions, and this appeal by plaintiff ensued.
As the proponents of the respective motions for summary judgment, defendants bore the initial burden of establishing that they did not depart from acceptable standards of care or that any such departure did not cause the injury (see Olinskypaul v Jaffe, 105 AD3d 1181, 1182 [2013]; LaFountain v Champlain Val. Physicians Hosp. Med. Ctr., 97 AD3d 1060, 1061 [2012]; Derusha v Sellig, 92 AD3d 1193, 1193 [2012]). They met this burden by submitting, among other things, their deposition testimony, Longtemps’ medical records and affidavits from experts in their medical fields concluding that their treatment of Longtemps was at all times within the accepted standards of *1318 care. In that regard, Oliva’s expert opined that Oliva did not depart from accepted standards of care in failing to order an MRI, provide a different antibiotic or otherwise diagnose a pseudomonas infection since the infection did not manifest itself in such a way that it should have been diagnosed by a reasonably prudent practitioner during the time when Longtemps was under Oliva’s care. Sarnow’s expert opined that Longtemps did not present with symptoms requiring emergency surgery or an emergency admission for intravenous antibiotics, and that the time between the August 26, 2009 MRI confirming Sarnow’s suspicion of infection and the September 2, 2009 surgery comported with acceptable standards of medical care. Accordingly, the burden shifted to plaintiff to present expert medical opinion evidence establishing a deviation from the accepted standard of care and that such departure was a proximate cause of Longtemps’ injuries (see Martino v Miller, 97 AD3d 1009, 1010 [2012]; Derusha v Sellig, 92 AD3d at 1194).
Plaintiff submitted the affidavit of Bryan Bilfield, a board-certified orthopedic surgeon, who opined that Oliva deviated from the applicable standard of care by failing to entertain a diagnosis of a pseudomonas infection secondary to Longtemps’ puncture wound. According to Bilfield, it is well established in medical literature and clinical practice that a puncture wound through the rubber sole of a sneaker presents a high risk for pseudomonas infection. Notably, this was confirmed by Sarnow during his examination before trial. Indeed, as Bilfield noted, it was precisely this heightened risk for pseudomonas infection associated with puncture wounds involving rubber soled footwear that led Sarnow to suspect a possible pseudomonas infection and order an MRI during his first examination of Longtemps— just one day after he was last seen by Oliva (see Dugan v Troy Pediatrics, LLP, 105 AD3d 1188, 1192 [2013]). Viewing the evidence in a light most favorable to plaintiff, we find that Bilfield’s affidavit was sufficient to demonstrate the existence of triable issues of fact as to whether Oliva departed from the applicable standard of care (see id.; Derusha v Sellig, 92 AD3d at 1194; Carter v Tana, 68 AD3d 1577, 1580 [2009]). Furthermore, while Bilfield’s affidavit and attached report are succinct on the issue of proximate cause, they are based upon a review of the medical records and deposition transcripts and, in our view, provide a sufficient link between the alleged deviation and the required surgery (see Plourd v Sidoti, 69 AD3d 1038, 1039 [2010]; Carter v Tana, 68 AD3d at 1580; Bell v Ellis Hosp., 50 AD3d 1240, 1242 [2008]). Accordingly, Oliva’s motion for summary judgment should have been denied.
We reach a different conclusion with respect to Sarnow’s mo *1319 tion. “General, conclusory allegations of medical malpractice, based on speculation or unsupported by competent evidence, are insufficient to meet plaintiffs burden and defeat summary judgment” (Chase v Cayuga Med. Ctr. at Ithaca, 2 AD3d 990, 990-991 [2003] [citation omitted]; accord Caulkins v Vicinanzo, 71 AD3d 1224, 1226 [2010]; see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). In response to the motion, plaintiff submitted the redacted affirmation of a physician who. is board certified in foot and ankle surgery. He averred that the MRI results necessitated that plaintiff be admitted to a hospital on an emergency basis for intravenous antibiotics or, alternatively, that an emergency referral be made to determine whether plaintiff could begin receiving intravenous treatment through an infusion center, and that the failure to do so constituted a departure from the acceptable standards of care. However, we find no evidentiary support for the expert’s conclusory statement that the infection worsened from the time of the MRI results revealing the osteomyelitis to the time surgery was performed. Moreover, the expert failed to explain how an emergency hospital admission or referral for intravenous antibiotics would have produced a different result for Longtemps, or what that different result would have been, and thus any claim that Longtemps’ condition would have improved had he received intravenous antibiotics is purely speculative. As such, his affirmation was insufficient to raise a question of fact as to causation (see Shashi v South Nassau Communities Hosp., 104 AD3d 838, 839 [2013]; Goldsmith v Taverni, 90 AD3d 704, 705 [2011]; Hoffman v Pelletier, 6 AD3d 889, 891 [2004]), and Supreme Court appropriately granted Sarnow’s motion for summary judgment.
Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant Peter J. Oliva’s motion for summary judgment; motion denied; and, as so modified, affirmed.