Stein, J.
Appeal from an order of the Supreme Court (Mulvey, J.), entered December 20, 2012 in Tompkins County, which denied defendant’s motion for summary judgment dismissing the complaint.
Plaintiff was diagnosed with Meniere’s disease,[1] an autoim *1031 muñe inner ear disease, which ultimately resulted in complete hearing loss in plaintiffs left ear. In March 2002, after the disease started to affect plaintiffs right ear, he began treating with defendant, an otolaryngologist, who referred plaintiff to Lawrence Endo, a rheumatologist. In August 2002, Endo initiated treatment of plaintiff with Methotrexate therapy. Plaintiffs hearing thereafter remained stable. However, in July 2004, Endo discontinued plaintiffs Methotrexate therapy as a result of plaintiffs poor liver function tests and in accordance with a study published in October 2003 in the Journal of the American Medical Association which suggested that Methotrexate therapy was ineffective in the treatment of autoimmune hearing loss and had major side effects. Plaintiff continued to treat with defendant and complained of worsening symptoms. Indeed, subsequent hearing tests performed between September 2004 and April 2005 showed significant worsening of plaintiffs hearing in his right ear. Nevertheless, defendant did not recommence Methotrexate therapy or discuss with plaintiff the option of doing so. In late fall of 2005, plaintiff presented to defendant with near total hearing loss in his right ear. Plaintiff thereafter commenced this action to recover for damages resulting from, among other things, defendant’s alleged negligence and medical malpractice.[2] After joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. On defendant’s appeal from Supreme Court’s denial of such motion, we affirm.
As the proponent of a motion for summary judgment in a medical malpractice action, defendant “bore the initial burden of establishing that there was no departure from accepted standards of practice or that plaintiff was not injured thereby” (Derusha v Sellig, 92 AD3d 1193, 1193 [2012] [internal quotation marks and citations omitted]; see Helfer v Chapin, 96 AD3d 1270, 1271 [2012]; Maki v Bassett Healthcare, 85 AD3d 1366, 1368 [2011], appeal dismissed 17 NY3d 855 [2011], lv dismissed and denied 18 NY3d 870 [2012]). Here, plaintiff alleged that defendant departed from accepted standards of medical care by, among other things, failing to “reinitiate immunosuppressant therapy” after Endo terminated Methotrexate and plaintiff’s hearing deteriorated. In support of the motion, defendant submitted, among other things, the affidavit of his expert, Benjamin Crane. Crane, an otolaryngologist, noted that defendant was not responsible for commencing or discontinuing the *1032 Methotrexate and opined that defendant acted within accepted standards of medical care in his “acceptance] and agree[ment] with [Endo’s] recommended discontinuation of [M]ethotrexate” based on various concerns, including plaintiffs liver function tests. Crane further opined that, considering the risks associated with such treatment — particularly, liver failure — as well as the 2003 report which disputed the beneficial effect of [M]ethotrexate treatment on Meniere’s disease,[3] “[t]here was no sound medical basis for the continuation or re-initiation of Methotrexate therapy for [plaintiff].” Overall, Crane concluded that there was no evidence that defendant departed from accepted standards of medical care in the manner in which he treated plaintiff. The foregoing was sufficient to establish defendant’s prima facie entitlement to judgment in his favor as a matter of law, thus shifting the burden to plaintiff to raise a question of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Maki v Bassett Healthcare, 85 AD3d at 1368-1369; Adams v Anderson, 84 AD3d 1522, 1524 [2011]).
To that end, plaintiff submitted the affirmation of Fred Holt, an otolaryngologist, who opined that defendant deviated from accepted standards of medical care in the manner in which he treated plaintiff after Endo discontinued Methotrexate therapy. Holt discounted the 2003 study to which defendant and Crane referred as being inconclusive and contradictory to other medical literature that supported Methotrexate therapy for autoimmune hearing loss. He also opined that the results of two hearing tests performed on plaintiff after the discontinuance of Methotrexate, indicating a significant deterioration of plaintiffs hearing, were “red flag[s]” which, considering plaintiffs medical history and the stabilization of his hearing while taking the drug, should have prompted defendant to discuss with plaintiff the option of resuming Methotrexate therapy.[4] Holt also noted that defendant’s records do not indicate that he reviewed the results of the April 2005 hearing test. Significantly, there was also an absence of any suggestion in the records that the test results were conveyed to plaintiff. Notwithstanding the fact that defendant was not responsible for commencing or discontinuing the Methotrexate, it was Holt’s opinion that defendant’s failure to either treat plaintiff with Methotrexate after his hearing deteriorated and/or discuss with plaintiff the option of *1033 doing so were departures from the accepted standards of medical care and were substantial factors in causing plaintiffs acute hearing loss.
We are unpersuaded by defendant’s contention that Holt’s affirmation was speculative and conclusory and, therefore, insufficient to defeat defendant’s motion (see Carter v Tana, 68 AD3d 1577, 1580 [2009]). The record reflects that Holt referred to prior medical studies, based his opinion on a review of plaintiffs medical record and history and made factual references to plaintiffs treatment. Viewing the evidence in a light most favorable to plaintiff, Holt’s affidavit was sufficient to demonstrate the existence of triable issues of fact both as to whether defendant departed from accepted standards of medical care and whether such departures were a substantial factor in causing plaintiffs injury (see Derusha v Sellig, 92 AD3d at 1195; Hickey v Arnot-Ogden Med. Ctr., 79 AD3d 1400, 1401 [2010]). Accordingly, defendant’s motion for summary judgment was properly denied.
Rose, J.E, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

. According to defendant, Meniere’s disease consists of “fluctuating intermittent vertigo, ear fullness, progressive hearing loss.”

. Plaintiff also named Endo as a defendant. However, Supreme Court dismissed the claims against Endo in an order which is not at issue on this appeal.

. Defendant testified that he was aware of the study to which Endo referred.

. In fact, defendant acknowledged at his deposition that Methotrexate was a viable treatment option in April 2005 and that he should have discussed that option with plaintiff.