■ TAMMY-JO WEBB, Appellant, v ALBANY MEDICAL CENTER et al., Respondents. [59 NYS3d 151]—

Peters, P.J. Appeal from an order of the Supreme Court (Connolly, J.), entered June 13, 2016 in Albany County, which granted defendants' motion for, among other things, summary judgment dismissing the complaint.

On May 24, 2008, plaintiff visited her friend, Lisa Clark, at defendant Albany Medical Center where Clark had recently undergone a double leg amputation after suffering a stroke. When plaintiff entered Clark's hospital room, medical personnel were preparing Clark for physical therapy. Plaintiff then accompanied Clark for a physical therapy session. During that session, Clark allegedly fell off the slide board used to facilitate her transfer from a wheelchair to a physical therapy bed, and plaintiff caught Clark mid-fall.

Plaintiff thereafter commenced this action against defendants to recover damages for injuries that she allegedly

sustained to her shoulder as a result of the incident. In her supplemental bill of particulars, plaintiff asserted that defendants were negligent in, among other things, "failing to use the necessary care and skill in transferring" Clark—specifically, that the medical employee who performed the transfer relied on the assistance of Clark, who was incapable of following directions or rendering assistance. Following joinder of issue and discovery, defendants moved for, among other things, summary judgment dismissing the complaint, arguing, insofar as is relevant here, that they did not deviate from the accepted standard of care. Supreme Court granted the motion, and plaintiff appeals.

Although plaintiff's complaint does not specifically assert a cause of action for medical malpractice, Supreme Court found that this action sounds in medical malpractice and the parties treat it as such on appeal. We agree, as the conduct alleged by plaintiff in her pleadings bears a substantial relationship to the rendition of medical treatment by a licensed physician (*see Davis v South Nassau Communities Hosp.*, 26 NY3d 563, 580-581 [2015]; *Martuscello v Jensen*, 134 AD3d 4, 11 [2015]; *Meiselman v Fogel*, 50 AD3d 979, 980 [2008], *appeal dismissed* 11 NY3d 783 [2008]).

Addressing the merits, "[a] finding of medical malpractice requires proof that defendants deviated from accepted medical practice and that such deviation was the proximate cause of plaintiff's injury" (*Adams v Anderson*, 84 AD3d 1522, 1523 [2011]; *see Mazella v Beals*, 27 NY3d 694, 705 [2016]). Thus, "[a]s the proponents of the . . . motion[ ] for summary judgment, defendants bore the initial burden of establishing that they did not depart from acceptable standards of care or that any such departure did not cause the injury" (*Longtemps v Oliva*, 110 AD3d 1316, 1317 [2013]; *see Rivera v Albany Med. Ctr. Hosp.*, 119 AD3d 1135, 1137 [2014]; *see generally Pullman v Silverman*, 28 NY3d 1060, 1062-1063 [2016]).

The gravamen of plaintiff's claim is that initiating a slide board transfer of Clark with minimal to moderate assistance deviated from the applicable standard of care, thereby causing Clark's fall and plaintiff's injuries. Defendants met their initial burden of establishing entitlement to judgment as a matter of law by submitting, among other things, an expert affidavit from a physical therapist opining that utilizing a slide board transfer with minimal assistance did not deviate from the accepted standard of care and noting, based on a review of Clark's records, that Clark had successfully completed slide board transfers with minimal or moderate assistance on prior occa-

sions (*see Fuller v Aberdale*, 130 AD3d 1277, 1282-1283 [2015]; *Doucett v Strominger*, 112 AD3d 1030, 1031-1032 [2013]; *Bickom v Bierwagen*, 48 AD3d 1247, 1247 [2008]; *Suib v Keller*, 6 AD3d 805, 806 [2004]). Thus, "the burden shifted to plaintiff to present expert medical opinion evidence that there was a deviation from the accepted standard of care" (*Carter v Tana*, 68 AD3d 1577, 1579 [2009]; *see Fuller v Aberdale*, 130 AD3d at 1283; *Longtemps v Oliva*, 110 AD3d at 1318).

In opposition, plaintiff submitted, among other things, the affidavit of an orthopedic surgeon, Matthew J. Nofziger. Even assuming that Nofziger was qualified to provide an opinion with respect to the standard of care used in the physical therapy field for the purpose of assessing the appropriateness of transfer procedures (*see generally Matott v Ward*, 48 NY2d 455, 459 [1979]), we find his affidavit to be insufficient to raise a triable issue of fact. Although Nofziger criticized the assessment of Clark's physical and cognitive abilities prior to the slide board transfer, he failed to identify or define the applicable standard of care appropriate in this case, merely asserting, in a conclusory manner, that Clark required a higher level of assistance than was provided to her (*see DeLaurentis v Orange Regional Med. Ctr.-Horton Campus*, 117 AD3d 774, 775 [2014]; *Snyder v Simon*, 49 AD3d 954, 956 [2008]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). Nor did Nofziger set forth any particular actions or procedures that could have prevented Clark from falling, thereby failing to establish the requisite nexus between the alleged malpractice and plaintiff's injury (*see Yamin v Baghel*, 284 AD2d 778, 779-780 [2001]; *Douglass v Gibson*, 218 AD2d 856, 857 [1995]; *compare Hranek v United Methodist Homes of Wyo. Conference*, 27 AD3d 879, 880-881 [2006]). Therefore, even if considered, Nofziger's affidavit was patently insufficient to raise a triable issue of fact as to whether the transfer procedure used in this case deviated from the applicable standard of care (*see DeLaurentis v Orange Regional Med. Ctr.-Horton Campus*, 117 AD3d at 775; *Martino v Miller*, 97 AD3d 1009, 1011-1012 [2012]; *Poblocki v Todoro*, 49 AD3d 1239, 1240 [2008]; *Passero v Puleo*, 17 AD3d 953, 954-955 [2005]).

Plaintiff's additional submissions, consisting of an attorney affidavit and Clark's medical records, were likewise inadequate to create an issue of fact. The affidavit of plaintiff's attorney, who had no personal knowledge of the operative facts, was without probative value and thus insufficient to defeat the motion (*see Alvarez v Prospect Hosp.*, 68 NY2d at 327; *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Benaquista v*

*Burke*, 74 AD3d 1514, 1515-1516 [2010]). Further, Clark's medical records, showing that the short-term goal of physical therapy was to have her participate in a slide board transfer and that she had successfully completed such transfers with minimal assistance in the days preceding the alleged incident, undermine plaintiff's contention that using a slide board transfer on the alleged incident date with a minimum level of assistance was inappropriate. Accordingly, even viewing the evidence in the light most favorable to plaintiff, she failed to raise a triable issue of fact sufficient to defeat defendants' motion (*see Maki v Bassett Healthcare*, 85 AD3d 1366, 1369 [2011], *appeal dismissed* 17 NY3d 855 [2011], *lv dismissed and denied* 18 NY3d 870 [2012]; *DeLorenzo v St. Clare's Hosp. of Schenectady, N.Y.*, 69 AD3d 1177, 1179 [2010]; *Passero v Puleo*, 17 AD3d at 954-955; *Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916, 918 [2000], *lv denied* 95 NY2d 751 [2000]).

Garry, Lynch, Clark and Aarons, JJ., concur. Ordered that the order is affirmed, with costs.