Herlica v Patel (2023 NY Slip Op 03377)

Herlica v Patel

2023 NY Slip Op 03377

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

532755 
[*1]Debra Herlica, as Executor of the Estate of Teofil Herlica, Appellant,
v
Sanjiv Patel et al., Respondents.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ. 

DeFrancisco & Falgiatano LLP, East Syracuse (Jean Marie Westlake of counsel), for appellant.
Hinman Howard & Kattell, LLP, Binghamton (James S. Gleason of counsel), for Sanjiv Patel and others, respondents.
Aswad & Ingraham, LLP, Binghamton (Mary E. Saitta of counsel), for James Kessler, respondent.

Aarons, J.
Appeal from an order of the Supreme Court (Oliver N. Blaise III, J.) entered November 10, 2020 in Broome County, which granted defendants' motions for summary judgment dismissing the complaint.
In December 2015, plaintiff's father (hereinafter decedent) presented to defendant Lourdes Hospital with various complaints, including groin pain, shortness of breath and palpitations. An X-ray and CT scan of decedent's chest were performed at that time and interpreted by defendant James Kessler. Decedent was discharged and thereafter followed up with defendant Sanjiv Patel on different occasions. In October 2016, decedent was admitted to Lourdes Hospital and, during this admission, it was discovered that decedent had lung cancer. Decedent then died in November 2016. In this medical malpractice action, plaintiff alleges that defendants departed from the applicable standard of care by failing to diagnose and treat decedent's lung cancer. Following joinder of issue and discovery, Patel and Lourdes Hospital moved for summary judgment dismissing the complaint insofar as asserted against them. Kessler sought similar relief in a separate motion. Supreme Court granted the motions. This appeal ensued.
Turning first to Kessler's motion, Supreme Court concluded that a question of fact existed as to whether Kessler departed from the applicable standard of care in failing to recognize the mass in decedent's lung when interpreting the December 2015 radiological films. The court nonetheless found that plaintiff's experts failed to raise an issue of fact on the issue of causation — a finding that plaintiff contests on appeal.[FN1] Plaintiff's expert radiologist opined that Kessler failed to recognize a 6.7 x 3.6 centimeter mass in the right hilar. To that end, plaintiff's expert radiologist and oncologist both concluded that, if this mass had been detected in December 2015, decedent's lung cancer been diagnosed earlier and a timely referral to a surgeon been made, decedent would have had a 50% long-term survival rate and he would have had a significantly better outcome. Even if we agreed with plaintiff that these opinions were not conclusory, plaintiff's radiologist and oncologist both failed to address or otherwise refute the opinions of Kessler's expert that surgical treatment for the mass that decedent had was unavailable once it exceeded 4 centimeters and that surgery for decedent was contraindicated due to his comorbidities (see Einach v Lenox Hill Hosp., 160 AD3d 443, 444 [1st Dept 2018]; Aliosha v Ostad, 153 AD3d 591, 593 [2d Dept 2017]). As such, because plaintiff failed to raise an issue of fact on the issue of causation, the court did not err in granting Kessler's motion (see Longtemps v Oliva, 110 AD3d 1316, 1319 [3d Dept 2013]; Bendel v Rajpal, 101 AD3d 662, 664 [2d Dept 2012]).
Regarding the motion by Patel and Lourdes Hospital, plaintiff argues that these defendants were not entitled to summary judgment because her expert raised an issue of fact. Plaintiff's [*2]oncologist opined that Patel departed from the applicable standard of care by failing to follow up on the mass that was present in decedent's imaging studies and failing to refer decedent for further evaluation of the mass, including a biopsy. Assuming, without deciding, that the oncologist was qualified to render this opinion, the oncologist only did so in a conclusory manner. In this regard, the oncologist failed to specify why follow-up treatment or a referral by Patel was required (see Passero v Puleo, 17 AD3d 953, 955 [3d Dept 2005]; Rossi v Arnot Ogden Med. Ctr., 268 AD2d 916, 918 [3d Dept 2000], lv denied 95 NY2d 751 [2000]). Additionally, Patel's expert noted that none of the reports of the radiologists who interpreted decedent's imaging studies suggested that decedent had lung cancer. This expert further opined that Patel, as a primary care physician, was entitled to rely on these reports and the interpretations therein. As Supreme Court found, plaintiff's oncologist did not rebut this opinion (see Humphrey v Riley, 163 AD3d 1313, 1315 [3d Dept 2018]). Accordingly, the court correctly granted the motion by Patel and Lourdes Hospital.
Garry, P.J., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, with one bill of costs.

Footnotes

Footnote 1: Plaintiff does not challenge the sufficiency of Kessler's evidentiary proffer.